# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40419
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIMMY ORLANDO GOMEZ-NAVARRO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-973

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jimmy Orlando Gomez-Navarro appeals the sentence imposed for his conviction for illegal reentry. He was sentenced to 46 months of imprisonment and three years of supervised release.

Gomez-Navarro's claims that the district court failed to adequately explain the sentence are reviewed for plain error since he did not object. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40419

*United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Gomez-Navarro has not shown that his substantial rights were affected even if the district court's reasons for imposing 46 months of imprisonment were plainly inadequate. *See id.* at 365. The district court's statement that supervised release was needed for added deterrence was not plainly inadequate. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 330 (5th Cir. 2012).

Gomez-Narvarro's challenge to the substantive reasonableness of his 46-month term of imprisonment is also reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 390-92 (5th Cir. 2007). In light of the presumption of reasonableness and deference owed to the district court's weighing of the 18 U.S.C. § 3553(a) factors, Gomez-Navarro has failed to demonstrate any error, plain or otherwise, with respect to the substantive reasonableness of his term of imprisonment. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). To the extent that Gomez-Navarro intended for the substantive reasonableness of his three-year term of supervised release to be considered as a claim of error on appeal, it is waived by virtue of inadequate briefing. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.